```
             UNITED STATES DISTRICT COURT
              MIDDLE DISTRICT OF FLORIDA
                    TAMPA DIVISION

ROBERT ARCIDIACONO, and
JEFFREY PFANNES, on behalf of
themselves and others
similarly situated,

         Plaintiffs,

v.                              CASE NO:  8:10-cv-780-T-33AEP

THE LIMO, INC., and VEOLIA
TRANSPORTATION SERVICES, INC.,

         Defendants.
_____/
```

## ORDER

This cause comes before the Court pursuant to Defendants The Limo, Inc. and Veolia Transportation Services's Motion to Dismiss, or Stay and Compel Arbitration (Doc. # 10) (the "Motion"), Plaintiffs Robert Arcidiancono and Jeffrey Pfannes's Response to the Motion to Dismiss, or Stay and Compel Arbitration (Doc. # 15) (the "Response"), and The Limo and Veolia Transportation's Reply to the Response to their Motion to Dismiss, or Stay and Compel Arbitration (Doc. # 19)(the "Reply"). By the Motion, The Limo and Veolia Transportation ask this Court to dismiss Mr. Arcidiancono and Mr. Pfannes's complaint, or in the alternative, to stay the action and compel Mr. Arcidiancono and Mr. Pfannes to submit their individual claims to arbitration. (Doc. # 10 at 1).

In their Response, Mr. Arcidiancono and Mr. Pfannes state that they "do not oppose arbitration and agree to the dismissal of this case" so that the parties can "proceed to arbitration." (Doc. # 15 at 1). However, Mr. Arcidiancono and Mr. Pfannes oppose the Motion to the extent that The Limo and Veolia Transportation desire to obtain a ruling from this Court as to the enforceability of the class action waiver included in the parties' arbitration agreement. (Doc. # 15 at 2). For the reasons that follow, the Court grants The Limo and Veolia Transportation's Motion to Dismiss and compels the parties to arbitration, but denies the Motion to the extent that it seeks a ruling from this Court as to the enforceability of the class action waiver included in the parties' arbitration agreement.

## I. Background

Mr. Arcidiancono and Mr. Pfannes originally filed their putative class action complaint against The Limo and Veolia Transportation on April 2, 2010. (Doc. # 1). Although styled as a class action, this Court has yet to determine whether the complaint meets the requirements for a class action suit pursuant to Rule 23 of the Federal Rules of Civil Procedure,

2

and other governing authorities.[1]

The complaint names two plaintiffs, Robert Arcidiacono and Jeffrey Pfannes, and charges that The Limo and Veolia Transportation failed to comply with 29 U.S.C. §§ 201-209 ("The Fair Labor Standards Act"). (Doc. # 1 at 2). The complaint contains two counts based on The Limo and Veolia Transportation's alleged violations. In Count One, Mr. Arcidiancono and Mr. Pfannes demand judgment pursuant to federal law "on behalf of themselves and those similarly situated" for proper minimum wages, an additional and equal amount of liquidated damages, reasonable attorneys' fees and costs, declaratory relief, and any and all further relief that this Court deems to be just and appropriate. (Doc. # 1 at 6-7). In Count Two, Mr. Arcidiancono and Mr. Pfannes demand the same relief pursuant to state law. (Doc. # 1 at 7-8). The Limo and Veolia Transportation filed their motion to dismiss on May 10, 2010. (Doc. # 10).

---

[1] Federal Rule of Civil Procedure 23(a) provides, "One or more members of a class may sue or be sued as representative parties on behalf of all members only if: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class."

It is not controverted that Mr. Arcidiancono and Mr. Pfannes each entered into franchise agreements with The Limo. (Doc. # 10 at 2). The franchise agreements each contain an arbitration provision which reads as follows: "[A]ny controversy arising out of this Agreement shall be submitted to the American Arbitration Association at its offices in or nearest to Tampa, Florida, for [final and][2] binding arbitration in accordance with its commercial rules and procedures which are in effect at the time the arbitration is filed." (Doc. # 11-1 at 34; Doc. # 11-2 at 33). In addition, the franchise agreements include an express class action waiver stating that "any arbitration, suit, action, or other legal proceeding shall be conducted and resolved on an individual basis only and not on a class-wide, multiple plaintiff, consolidated or similar basis." (Doc. # 11-1 at 34; Doc. # 11-2 at 33).

## II. **Analysis**

At issue is whether the enforceability of the express class action waiver provision contained in the parties' franchise agreements must be determined by this Court or may

---

[2] The clause in Document 11-2 contains the bracketed "final and" language above, while Document 11-1 does not contain that language. Otherwise, the excerpted portion of the clauses are identical.

be determined by an arbitrator. In <u>Green Tree Fin. Corp. v. Bazzle</u>, 539 U.S. 444, 447 (2003), the Supreme Court held that when claims are submitted to arbitration, the question of whether class arbitration is forbidden is not a question of arbitrability, but rather a question of contract interpretation which should be decided in the first instance by an arbitrator. <u>Id.</u> at 451-52; <u>see</u> <u>Howsam v. Dean Witter Reynolds, Inc.</u>, 537 U.S. 79, 83-85 (2002)(explaining that whether the parties submitted to arbitration is a question for the court, but procedural questions which grow out of the dispute are presumptively not for the judge, but rather for an arbitrator, to decide). Similar conclusions have been reached in this circuit and elsewhere. <u>See</u> <u>Anderson v. Comcast Corp.</u>, 500 F.3d 66, 68 (1st Cir. 2007)(explaining that an arbitrator must decide whether a class action waiver extended to cover the suit in question under the agreement); <u>Parkes v. U-Haul Co. of Fla.</u>, No. 8:09-cv-2132-T-23MAP (M.D. Fla. April 5, 2010)(explaining that the American Arbitration Association's rules direct the arbitrator to decide whether the contract permits class arbitration).

Rule 3 of the American Arbitration Association's Supplementary Rules for Class Arbitrations charges the arbitrator to decide, "as a threshold matter, . . . whether

5

the applicable arbitration clause permits the arbitration to proceed on behalf of or against a class." Rule 3 is applicable to this action pursuant to Rule 1(a), which reads "[t]hese Supplementary Rules for Class Arbitrations . . . shall apply to any dispute arising out of an agreement that provides for arbitration pursuant to any of the rules of the American Arbitration Association ("AAA") where a party submits a dispute to arbitration on behalf of or against a class or purported class, and shall supplement any other applicable AAA rules." Additionally, Rule 3 provides a thirty day stay "to permit any party to move a court of competent jurisdiction to confirm or vacate" the arbitrator's decision on the availability of class arbitration. See Pedcor Mgmt. Co. Welfare Benefit Plan v. Nations Pers. of Tex., Inc., 343 F.3d 355, 360 (5th Cir. 2003) ("[I]f the arbitration provision clearly did forbid class arbitration, then the arbitrators could– and under [Bazzle v. Green Tree Fin. Corp., 539 U.S. 444 (2003)] should– make this call without any prior analysis by a court. In short, . . . it should not be necessary for a court to decide initially whether an arbitration agreement clearly forbids class arbitration.").

**III. Conclusion**

This Court has reviewed the Motion, the Response and the

6

Reply, as well as the pertinent portions of the record and is otherwise fully advised in the premises. Pursuant to the applicable Rules of the American Arbitration Association, the arbitrator shall determine whether the applicable arbitration clause permits the arbitration to proceed on behalf of a class. As such, the Court grants Defendants The Limo, Inc. and Veolia Transportation Services's Motion to Dismiss and compels the parties to arbitration, but denies the Motion to the extent that it seeks a ruling from this Court as to the enforceability of the class action waiver included in the parties' arbitration agreement.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendants The Limo, Inc. and Veolia Transportation Services's Motion to Dismiss, or Stay and Compel Arbitration (Doc. # 10) is **GRANTED** to the extent that the case is dismissed and the parties are compelled to arbitration.

(2) Defendants The Limo, Inc. and Veolia Transportation Services's Motion to Dismiss, or Stay and Compel Arbitration (Doc. # 10) is **DENIED** to the extent that it seeks a ruling from this Court as to the enforceability

7

of the class action waiver included in the parties' arbitration agreement.

(3) The Clerk is directed to **CLOSE THIS CASE**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 9th day of September, 2010.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record