```
          UNITED STATES DISTRICT COURT
           MIDDLE DISTRICT OF FLORIDA
                 TAMPA DIVISION
```

ROBERT ARCIDIACONO, et al.,

    Plaintiffs,
v.                              Case No.:  8:10-cv-780-T-33AEP

THE LIMO, INC., et al.,

    Defendants.
_____/

**ORDER**

This cause is before the Court pursuant to Defendants, The Limo and Veolia Transportation Services, Inc.'s Motion for Reconsideration, which was filed on September 20, 2010. (Doc. # 31). Plaintiffs Robert Arcidiacono and Jeffrey Pfannes filed a Response to the Defendants' Motion for Reconsideration on October 11, 2010. (Doc. # 34). For the reasons that follow, the Court denies the Motion.

**I.  Background**

Mr. Arcidiacono and Mr. Pfannes filed their putative class action complaint against The Limo and Veolia Transportation on April 2, 2010.[1] (Doc. # 1). The complaint charged that The Limo and Veolia Transportation failed to comply with the Fair Labor Standards Act and other law. (Doc.

---

[1] Although styled as a class action, the Court has not ruled on whether the complaint meets the requirements for a class action suit pursuant to Rule 23 of the Federal Rules of Civil Procedure.

# 1 at 2). The Limo and Veolia Transportation filed a motion to dismiss and compel arbitration on May 10, 2010. (Doc. # 10).

By Order entered on September 9, 2010, the Court granted the motion to dismiss in part and compelled the parties to arbitrate. However, the motion was denied to the extent that it sought a ruling from this Court as to the enforceability of the class action waiver included in the parties' arbitration agreements. (Doc. # 30 at 2). Rather, the Court determined that pursuant to the parties' explicit incorporation of the American Arbitration Association's "commercial rules and procedures"[2], the arbitrator should determine whether the applicable arbitration clause permitted the arbitration to proceed on behalf of a class. (Doc. # 30 at 7).

Specifically, the Court noted that Rule 3 of the American Arbitration Association's Supplementary Rules for Class Arbitration charges the arbitrator to decide, "as a threshold matter, . . . whether the applicable arbitration clause permits the arbitration to proceed on behalf of or against a class."[3] (Doc. # 30 at 5-6).

---

[2] Doc. # 11-1 at 34; Doc. # 11-2 at 33.

[3] Rule 3 is applicable to this action pursuant to Rule
(continued...)

By this motion, The Limo and Veolia Transportation move the Court to reconsider that portion of the Order, and attempt to recast the issue, arguing that "the question here is whether the parties' unambiguous collective/class action waivers are valid and enforceable." (Doc. # 31 at 2)(emphasis removed). The Court instead continues to hold that this is an issue for the arbitrator, as determined by the Court in <u>Parkes v. U-Haul Co. of Florida</u>, 8:09-cv-2132-T-23MAP (M.D. Fla. Jan. 29, 2010).

In <u>Parkes</u>, on a motion to compel arbitration, the Court denied the motion to the extent that it sought a court order enforcing the class action waiver in the parties' arbitration agreements. (<u>Id.</u> at Doc. # 18 at 2)(citing <u>Anders v. Hometown Mortg. Servs., Inc.</u>, 346 F.3d 1024, 1032-33 (11th Cir. 2003)("Since the case is going to arbitration, an arbitrator and not a court should decide the validity of the remedial restriction provisions, because '[a] court compelling arbitration should decide only such issues as are essential to

---

[3](...continued)
1(a), which reads "[t]hese Supplementary Rules for Class Arbitrations . . . shall apply to any dispute arising out of an agreement that provides for arbitration pursuant to any of the rules of the American Arbitration Association ("AAA") where a party submits a dispute to arbitration on behalf of or against a class or purported class, and shall supplement any other applicable AAA rules."

defining the nature of the forum in which a dispute will be decided.'")(quoting Musnick v. King Motor Co. of Ft. Lauderdale, 325 F.3d 1255, 1261 (11th Cir. 2003)).  The Court later denied U-Haul's similar motion for reconsideration. Parkes, 8:09-cv-2132-T-23MAP at Doc. 23.

**II. Legal Standard**

As stated in Florida College of Osteopathic Medicine, Inc. v. Dean Witter Reynolds, Inc., 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998), "A motion for reconsideration must demonstrate why the court should reconsider its prior decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision."  In addition, "[i]n the interests of finality and conservation of scarce judicial resources, reconsideration . . . is an extraordinary remedy to be employed sparingly."  Lamar Adver. of Mobile, Inc. v. City of Lakeland, Fla., 189 F.R.D. 480, 489 (M.D. Fla. 1999).

This Court recognizes three grounds to justify reconsideration of a prior order: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." Fla. Coll. of Osteopathic Med., Inc., 12 F. Supp. 2d at 1308. Additionally, as explained in Ludwig v. Liberty Mut. Fire Ins.

Co., Case No. 8:03-cv-2378-T-17-MAP, 2005 U.S. Dist. LEXIS 37718, at *8 (M.D. Fla. Mar. 30, 2005), "This Court will not reconsider its judgment when the motion for reconsideration fails to raise new issues but, instead, relitigates that which the Court previously found lacking." Id. at 9-10. In addition, "a motion for reconsideration is not the proper forum for the party to vent dissatisfaction with the Court's reasoning." Id. at 11 (citation omitted).

The Limo and Veolia Transportation's arguments do not concern an intervening change in the law, nor do they pertain to the discovery of new evidence, nor do they assert the need to correct a clear error or manifest injustice. Rather, they assert that reconsideration is needed in light of issues raised as a result of the parties' failure to adequately address Green Tree Financial Corp. v. Bazzle, 539 U.S. 444 (2003) or Rule 3 of the American Arbitration Association's Supplementary Rules for Class Arbitrations in their original motion to dismiss. The Court has rigorously analyzed The Limo and Veolia Transportation's contentions and determines that they are not meritorious.

## III. Analysis

The Court has reviewed the cases cited by The Limo and Veolia Transportation in light of their contention that the

-5-

parties' arbitration agreements unambiguously ban collective/class arbitration. Specifically, the Court has considered Stolt-Nielsen S.A. v. Animalfeeds International Corp., 130 S.Ct. 1758, 1764 (2010), Dale v. Comcast Corp., 498 F.3d 1216, 1217 (11th Cir. 2007), Puleo v. Chase Bank USA, N.A., 605 F.3d 172, 175 (3d Cir. 2010), and Gipson v. Cross Country Bank, 354 F. Supp. 2d 1278, 1279 (M.D. Ala. 2005).

In reviewing these cases in conjunction with the parties' agreements, the Court notes that while the agreements unambiguously ban collective/class arbitration, they also unambiguously incorporate the AAA's "commercial rules and procedures."[4]  As stated previously, Rule 3 of the AAA's Supplementary Rules for Class Arbitration charges the arbitrator to decide, "as a threshold matter, . . .whether the applicable arbitration clause permits the arbitration to proceed on behalf of or against a class." See Parkes v. U-Haul Co. of Fla., 8:09-cv-2132-T-23MAP (M.D. Fla. Jan. 29, 2010).  Thus, the Court denies the Motion.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

Defendants The Limo and Veolia Transportation Services, Inc.'s Motion for Reconsideration (Doc. # 31) is **DENIED.**

---

[4] (Doc. # 11-1 at 34; Doc. # 11-2 at 33).

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 2nd day of November 2010.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to: All Counsel of Record